NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YULIUS MUSTAFA, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> YUMA REGIONAL MEDICAL CENTER, an Arizona nonprofit corporation; et al., <br><br> Defendants-Appellees. | No. 23-15169 <br><br> D.C. No. 2:21-cv-00161-ROS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted May 15, 2024
Phoenix, Arizona

Before: GRABER, DESAI, and DE ALBA, Circuit Judges.

Plaintiff, Dr. Yulius Mustafa, timely appeals the district court's entry of

summary judgment in favor of Defendants Yuma Regional Medical Center ("the

Hospital") and Dr. Bharat Magu in this action alleging violation of the Uniformed

Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C.

§ 4311, and the Arizona Employment Protection Act ("AEPA"), Ariz. Rev. Stat.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

§ 23-1501(A)(3)(c)(vii), and raising tort claims under Arizona law.  Reviewing de novo, Donell v. Kowell, 533 F.3d 762, 769 (9th Cir. 2008), we affirm.

1.  The district court correctly granted summary judgment to Defendants as to the USERRA and AEPA claims.[1]  Plaintiff is an independent contractor by virtue of (1) the terms of the Independent Contractor Agreement ("the Agreement"), (2) the intention of the Agreement, and (3) the economic realities of the Agreement.  See H.R. Rep. No. 103-65(I), at 2454 (1993) (Congress intended that USERRA "would define 'employee' in the same expansive manner as under the Fair Labor Standards Act . . . . and the issue of independent contractor versus employee should be treated in the same manner as under the Fair Labor Standards Act."); see also Real v. Driscoll Strawberry Assocs., Inc., 603 F.2d 748, 755 (9th Cir. 1979) (noting that even if a contract identifies a worker as an independent contractor, "contractual language . . . is not [always] conclusive . . . .  Economic realities, not contractual labels, determine employment status for the remedial purposes of the FLSA [and, thus, under USERRA]").

Among other things:  the Agreement stated that Plaintiff was an independent contractor with "No Employee Status."  Before deciding whether to become an employee or an independent contractor, Plaintiff discussed the options with an

---

[1] Because protections under AEPA track those under USERRA, we apply the same analysis.

accountant, who advised that the independent contractor arrangement was "more beneficial for tax purposes" than the employee arrangement. Plaintiff then established a professional limited liability company for the sole purpose of entering into the Agreement with the Hospital. Plaintiff did not obtain employee benefits, such as health insurance. The Hospital paid his limited liability company; the company paid him; and he deducted business expenses through the company. Plaintiff also had the right to establish the days and hours during which he would provide services.

Because the protections provided under USERRA and the AEPA do not extend to independent contractors, summary judgment for Defendants on those claims was proper. See 20 C.F.R. § 1002.44(a) ("USERRA does not provide protections for an independent contractor."); Ariz. Rev. Stat. § 23-1501(A)(3)(c) (providing that the statute covers instances involving an "employer [that] has terminated the employment relationship of an employee . . ." (emphasis added)).

2. The district court properly granted summary judgment to the Hospital on the claim for breach of the implied covenant of good faith and fair dealing. Plaintiff argues that he was denied the benefit of renewing or renegotiating the Agreement. See Nolan v. Starlight Pines Homeowners Ass'n, 167 P.3d 1277, 1284 (Ariz. Ct. App. 2007) (noting that liability attaches when a party "den[ies] the other party the reasonably expected benefits of the agreement"). But Plaintiff

obtained all the benefits of the Agreement. It expired by its own terms and did not guarantee renewal. And Plaintiff had the opportunity to reach out to the Hospital, before or when the Agreement expired, to renegotiate or renew the contract. He failed to do so for personal reasons. The Hospital had no obligation to reach out to Plaintiff about renewing the Agreement, nor were there any preexisting procedures regarding renegotiation or renewal.

3. The district court properly granted summary judgment to Dr. Magu on the claim for aiding and abetting. Plaintiff's allegations regarding Dr. Magu's involvement in a purported "paper trail" scheme are purely speculative. No evidence in the record suggests that Dr. Magu knew of Plaintiff's impending deployment or that he conspired with other the Hospital staff to establish a paper trail to cover up discrimination on account of Plaintiff's military status. Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Loc. No. 395 Pension Tr. Fund, 38 P.3d 12, 23 (Ariz. 2002) (en banc) (noting that "defendants must know that the conduct they are aiding and abetting is a tort" because liability is based on proof of a scienter (citations and internal quotation marks omitted)).

4. The district court properly granted summary judgment to Dr. Magu on the claim for tortious interference. Under Arizona law, tortious interference requires, among other things, that a "third party improperly and intentionally interfere[] with the performance of [a] contract." Wagenseller v. Scottsdale Mem'l

4

<u>Hosp.</u>, 710 P.2d 1025, 1042 (Ariz. 1985) (en banc) (emphasis added), <u>superseded in other respects by</u> Ariz. Rev. Stat. § 23-1501 (1996). Dr. Magu was not a third-party because, at all relevant times and by Plaintiff's own admission, he acted for and on behalf of the Hospital. Under Arizona law, a person who acts only on behalf of an entity is not a third-party for this purpose. <u>Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.</u>, 905 P.2d 559, 564–65 (Ariz. Ct. App. 1995) (citing <u>Payne v. Pennzoil Corp.</u>, 672 P.2d 1322, 1327 (Ariz. Ct. App. 1983), and <u>Barrow v. Ariz. Bd. of Regents</u>, 761 P.2d 145, 152 (Ariz. Ct. App. 1988)). Nor does the evidence in the record suggest that Dr. Magu improperly interfered with the employment relationship between the Hospital and Plaintiff. <u>See</u> <u>id.</u> Accordingly, Plaintiff's claim for tortious interference with contractual relations or business expectancy fails as a matter of law.

**AFFIRMED.**